IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| NHN HOLDINGS, LLC, a Utah limited liability company, <br><br> Plaintiff, <br><br> v. <br><br> U.S. SMALL BUSINESS ADMINISTRATION and U.S. DEPARTMENT OF THE TREASURY, <br><br> Defendants. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS <br><br><br> Case No. 2:22-CV-647 TS <br><br> District Judge Ted Stewart |

This matter is before the Court on a Motion to Dismiss filed by Defendants the U.S. Small Business Administration ("SBA") and the U.S. Department of the Treasury ("Treasury") (collectively, Defendants"). Plaintiff has failed to respond and the time for doing so has expired.[1] For the reasons discussed below, the Court will grant the Motion.

I.  BACKGROUND

Plaintiff NHN Holdings, LLC ("NHN") alleges that it is a fee-simple owner of real property located in Nephi, Utah (the "Subject Property"). On January 11, 2010, NHN executed a Loan Agreement and Certification (the "SBA Loan") for the benefit of Mountain West Small Business Finance, LLC ("Mountain West") and its intended assignee, SBA, for the amount of $647,000. Simultaneously, NHN executed a Trust Deed Fixture Filing and Assignment of Rents to the Administrator of SBA as trustee and Mountain West as beneficiary. As collateral for the SBA Loan, NHN pledged the Subject Property and the building, fixtures, and improvements.

---

[1] DUCivR 7-1(a)(4)(A)(iii).

On January 11, 2010, Mountain West executed an Assignment of Trust Deed, assigning all its interest in the Trust Deed to SBA. Mountain West was the servicer of the SBA Loan.

On February 26, 2013, Mountain West sent NHN a Notice of Default and Intent to Accelerate, which advised NHN that it had failed to pay the previous seven payments due under the SBA Loan. On March 31, 2013, SBA delivered to NHN a notice of its intent to refer the SBA Loan to Treasury for collection. On September 26, 2014, Treasury sent a letter to NHN advising them that the SBA Loan had been referred to Treasury for collection. Since February 26, 2013, NHN has defaulted on its obligation to pay the SBA Loan by failing to make the required monthly payments and has not made any payment toward the SBA loan.

Plaintiff brings this action asserting two causes of action. First, Plaintiff seeks declaratory relief that Defendants are time-barred from pursuing an action to enforce the Trust Deed securing the SBA loan and, as such, "the right to enforce the lien securing the SBA Loan has forever expired."[2] Second, Plaintiff seeks to quiet title in the Subject Property.

## II.  MOTION TO DISMISS STANDARD

In considering a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6), all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to Plaintiff as the nonmoving party.[3]  Plaintiff must provide "enough facts to state a claim to relief that is plausible on its face,"[4] which requires "more than an unadorned, the-defendant-unlawfully-

---

[2] Docket No. 2-1 ¶ 21.

[3] *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[4] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

harmed-me accusation."[5]  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[6]

"The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the [defendant's counterclaim] alone is legally sufficient to state a claim for which relief may be granted."[7]  As the Court in *Iqbal* stated,

> only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief.[8]

In considering a motion to dismiss, a district court considers not only the counterclaim "but also the attached exhibits,"[9] the "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."[10]  The Court "may consider documents referred to in the [counterclaim] if the documents are central to the [defendant's] claim and the parties do not dispute the documents' authenticity."[11]

---

[5] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[6] *Id.* (quoting *Twombly*, 550 U.S. at 555, 557) (alteration in original).

[7] *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

[8] *Iqbal*, 556 U.S. at 679 (internal citations, quotation marks, and alterations omitted).

[9] *Commonwealth Prop. Advocates, LLC v. Mortg. Elec. Registration Sys., Inc.*, 680 F.3d 1194, 1201 (10th Cir. 2011).

[10] *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007).

[11] *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002).

III.  DISCUSSION

Plaintiff first claims that, under Utah law, any attempt to foreclose is barred by the applicable statute of limitations. However, the United States is not bound by state statutes of limitation.[12] Instead, federal law controls.[13] Plaintiff points to the six-year statute of limitations contained in 28 U.S.C. § 2415(a) for actions for money damages. But this provision is irrelevant as Plaintiff admits that Defendants have not initiated any judicial actions.[14] The statutory provision relevant to foreclosure actions by the federal government, 28 U.S.C. § 2415(c), provides that there is no period of limitations.[15] For these reasons, the Court rejects Plaintiff's claim that any right to enforce the lien securing the SBA Loan is time barred and will dismiss this action.

IV.  CONCLUSION

It is therefore

ORDERED that Defendants' Motion to Dismiss (Docket No. 15) is GRANTED.

DATED this 3rd day of January, 2023.

BY THE COURT:

Ted Stewart
United States District Judge

---

[12] *United States v. Summerlin*, 310 U.S. 414, 416 (1940).

[13] *United States v. Ward*, 985 F.2d 500, 503 (10th Cir. 1993) (stating that "federal law governs issues involving the rights of the United States arising under nationwide federal programs").

[14] Docket No. 2-1 ¶ 27.

[15] 28 U.S.C. § 2415(c); *Ward*, 985 F.2d at 503; *LPP Mortg. Ltd. v. Hotaling*, 497 F. Supp. 2d 1217, 1220 (D. Colo. 2007).